UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CATHERINE DACOSTA,<br>        Plaintiff,<br><br>        v.<br><br>BUTLER HOSPITAL and CARE NEW<br>ENGLAND HEALTH SYSTEM,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 26-230-JJM-PAS

## ORDER

The Defendants have moved to dismiss Count One of the Complaint that alleges a violation of the Americans with Disabilities Act ("ADA") and to dismiss Care New England Health System ("Care New England") as a Defendant.  ECF No. 10.

It is clear from a review of the papers that factual issues and disputes abound. The Defendants challenge the sufficiency of Ms. DaCosta's Complaint but seem to have forgotten that all plausible allegations and all reasonable inferences that can be drawn therefrom, are to be credited to the plaintiff, who still has the obligation in Fed. R. Civ. P. 8(a)(2) to simply provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

Here, Ms. DaCosta has alleged enough plausible facts to show that the Defendants' disciplining of her was caused by "unfounded stereotypes and assumption arising from [her] relationship with her disabled son." *Oliveras-Sifre v. Puerto Rico Dep't of Health*, 214 F.3d 23, 26 (1st Cir. 2000).  The Complaint summarizes her allegations that support her ADA claim.

> Defendants discriminated against Cathy in violation of the ADA, 42 U.S.C. § 12112(b)(4), because of her known association with her son, who has disabilities. Cathy was qualified for her position and performed her job satisfactorily, as reflected in her positive performance review. Defendants were aware of her son's disabilities through her communications and her use of FMLA and RIPFMLA leave to care for him. Despite this, Defendants subjected Cathy to adverse employment actions, including escalating discipline, suspension, and termination. The circumstances give rise to a strong inference of discrimination, including the temporal proximity between her use of intermittent FMLA leave to care for her disabled son and her termination, disparate treatment compared to similarly situated employees who were not disciplined for comparable conduct, and pretextual justifications for discipline. Defendants' adverse actions were because of Cathy's association with her disabled son, causing her to suffer damages. While Defendants challenge all of Ms. DaCosta's allegations, now is not the time to parse out those disputes – rather that should occur after full discovery.

ECF No. 1 at 13.

"[W]e must accept the well-pled facts of [plaintiff's] complaint as true and indulge every reasonable inference in his favor." *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000) (citing *Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999)). Because Ms. DaCosta has met this basic pleading requirement at this stage of the litigation, her ADA claim must be allowed to proceed to the discovery part of the litigation.

The same rationale and conclusion is obtained as to Defendants' Motion to Dismiss Care New England. Ms. DaCosta alleges that Butler and Care New England were a single employer.

> Care New England operates Butler Hospital, and each acted as [Ms. DaCosta's] single employer. While [Ms. DaCosta] worked at the Butler Hospital location, the human resource staff she interacted with were all employees of Care New England.

ECF No. 1 at 4.

2

In determining whether two entities are a single employer, the following factors must be considered: (1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership. *Torres-Negron v. Merck & Co.*, 488 F.3d 34, 42 (1st Cir. 2007). "All four factors, however, are not necessary for single-employer status." *Id.* (quoting *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1184 (10th Cir. 1999)). Additionally, "the test should be applied flexibly, placing special emphasis on the control of employment decisions." *Id.*

Ms. DaCosta has set for sufficient allegations that Care New England in this case legally is a single employer with Butler Hospital. In addition to alleging that Care New England operates Butler Hospital, and each acted as [Ms. DaCosta's] single employer, she has asserted that Heather McLaughlin, a Care New England human resource representative, played a meaningful role in Butler's adverse employment decisions. Ms. McLaughlin is alleged to have had a role in Ms. DaCosta's discipline, meetings, work decisions, leave act decisions, and her termination.

Because Ms. DaCosta has met this basic pleading requirement at this stage of the litigation, Care New England must remain in the case as it proceeds to the discovery part of the litigation.

3

The Court DENIES Defendants' Motion for to Dismiss for Failure to State a

Claim.  ECF No. 10.

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 5, 2026